IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ISAAC HUDSON, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv384 |
| LIEUTENANT ROMO, ET AL. | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Isaac Hudson, Jr., an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Analysis</u>

Plaintiff complains of incidents which occurred at the Polunsky Unit. The defendants are all employed at the Polunsky Unit which is located in Livingston, Texas.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. The claims which form the basis of plaintiff's complaint occurred at the Polunsky Unit which is located in Polk County. Pursuant to 28 U.S.C. § 124, Polk County is located in the Eastern District of Texas. As a result, venue is proper in the Eastern District of Texas.

While Polk County is in the Eastern District of Texas, it is in the Lufkin Division of such district, rather than the Beaumont Division. When a case is filed in the wrong district or division,

the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

For the reasons set forth above, this case should be transferred to the Lufkin Division of this court. A Transfer Order shall be entered in accordance with this Memorandum.

SIGNED this 20th day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge